UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TARA ELAINE COWLEY,

                                                    DECISION AND ORDER

                    Plaintiff,

                                                    16-CV-6811L

              v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                    Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

On March 16, 2013, plaintiff, then twenty-four years old, filed an application for Supplemental Security Income benefits under Title II of the Social Security Act, alleging an inability to work since January 1, 2003. (Administrative Transcript, Dkt. #8 at 18).[1] Her application was initially denied. Plaintiff requested a hearing, which was held on December 10, 2014 before Administrative Law Judge ("ALJ") Connor O'Brien. The ALJ issued a decision on May 23, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 18-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 27, 2016. (Dkt. #8 at 1-3). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #11), and the Commissioner has cross moved (Dkt. #13)

---

[1] Note that the Administrative Transcript portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

**DISCUSSION**

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision exhaustively summarizes plaintiff's medical records, particularly her treatment records for asthma, bipolar disorder, major depressive disorder, anxiety disorder with panic attacks, attention deficit hyperactivity disorder, substance abuse disorder in remission, and impulse control disorder, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #8 at 20).

Upon consideration of the record and after careful application of the "special technique" prescribed for nonexertional impairments (*Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)), the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with a number of environmental and nonexertional limitations. Plaintiff can tolerate no more than occasional exposure to extreme cold, extreme heat, wetness, humidity and airborne irritants. She can perform simple, unskilled tasks in an environment with no more than occasional changes in the work setting. She cannot interact with the public or perform teamwork. She can have no more than occasional interaction with

coworkers and supervisors. She can work to meet daily goals, but cannot maintain an hourly, machine-driven, assembly line production rate. She also requires up to three short, less-than-five-minute breaks in addition to regularly scheduled breaks. (Dkt. #8 at 22).

Given this RFC, vocational expert Peter A. Manzi testified that plaintiff could perform the positions of mail clerk, photocopy machine operator, and collator operator. (Dkt. #8 at 28).

I believe the evidence supports the ALJ's findings concerning the nature and extent of plaintiff's limitations, and that her finding that the plaintiff was not disabled was supported by substantial evidence and was not the product of legal error.

## I. The ALJ's Evaluation of Medical Opinions

On appeal, plaintiff chiefly argues that the ALJ failed to properly assess the medical opinions of plaintiff's treating therapist, licensed clinical social worker Debra McKnight, and/or failed to sufficiently explain her reasoning for giving Ms. McKnight's opinions only "[s]ome weight." (Dkt. #8 at 25). She also alleges that the ALJ erred in purporting to credit the opinion of consulting psychologist Dr. Yu-Ying Lin, but failing to incorporate into her RFC finding Dr. Lin's opinion that plaintiff was "moderately limited in appropriately dealing with stress." (Dkt. #8 at 327).

I do not find that the ALJ's assessment of Ms. McKnight's opinions was erroneous. First, licensed clinical social workers are not considered acceptable "medical sources" pursuant to 20 C.F.R. §416.913(a), and their opinions are not entitled to controlling weight. *See Conlin v. Colvin*, 111 F. Supp. 3d 376, 386 (W.D.N.Y. 2015). The amount of weight given to such opinions is based, in part, on the examining and treatment relationship, length and frequency of examinations, the extent of relevant evidence given to support the opinion, and consistency of the opinion with the record as a whole. 20 C.F.R. §416.927(c). However, the ALJ is "free to decide

3

that the opinions of "'other sources' ... are entitled to no weight or little weight, [though] those decisions should be explained." *Oaks v. Colvin*, 2014 U.S. Dist. LEXIS 157161 at *20 (W.D.N.Y. 2014).

Ms. McKnight's opinions stated that plaintiff is "seriously limited" with respect to working with others, completing a normal workday without interruptions, performing at a consistent pace, accepting instructions and responding appropriately to supervisors, getting along with coworkers, responding to changes in a work setting, dealing with normal work-related stress, carrying out detailed instructions, and dealing with the stresses of semiskilled or skilled work. (Dkt. #8 at 334). Ms. McKnight further opined that plaintiff's impairments would cause her to be absent from work for more than four days per month. (Dkt. #8 at 336, 358).

The ALJ set forth, in detail, her reasons for declining to fully credit Ms. McKnight's opinions. These included the fact that the second form completed by Ms. McKnight (the first was almost entirely blank and incomplete) was based on a brief treatment history, and was largely comprised of a series of check-box findings that were unsupported by any elaboration (even where the form requested a narrative explanation for a given finding), treatment notes or other objective findings. (Dkt. #8 at 25). The dramatic limitations listed by Ms. McKnight also conflict with other medical opinion evidence of record, including the consultative assessment by Dr. Lin, who found that plaintiff's only limitations are mild limitations in maintaining a schedule, learning new tasks, performing complex tasks independently, making appropriate decisions and dealing with others, and a moderate limitation in dealing appropriately with stress. (Dkt. #8 at 327). They are further undermined by the unremarkable Global Assessment of Functioning ("GAF") scores assigned by Ms. McKnight to plaintiff, and by plaintiff's regular attendance at monthly appointments. (Dkt. #8 at 25). Finally, the ALJ noted that such extensive limitations are not

4

supported by plaintiff's self-reported daily activities, which include caring for herself and her family. (Dkt. #8 at 21).[2] I find that the ALJ's assessment of Ms. McKnight's opinions considered the appropriate factors, and that she set forth good reasons for declining to fully credit them.

With respect to Dr. Lin's opinion that plaintiff is moderately limited with respect to stress, I find that the ALJ largely accounted for such a limitation in her RFC finding. The RFC limited plaintiff to simple, unskilled tasks with no more than occasional changes in the work setting and without an hourly, machine-driven assembly line production rate. (Dkt. #8 at 22). To the extent that the ALJ's failure to include a "low stress" limitation in plaintiff's RFC in order to fully account for the limitations opined by Dr. Lin is alleged to be erroneous, any such error is harmless. It is well settled that the positions identified by the vocational expert, including mail clerk, photocopy machine operator, and collator operator (Dkt. #8 at 28), are unskilled jobs that are suitable for claimants with limitations to "low-stress" work. *See e.g.*, *Newell v. Colvin*, 2016 U.S. Dist. LEXIS 116397 at *28-*29 (W.D.N.Y. 2016) (claimant limited to low-stress work with no more than occasional interaction with others can perform positions of photocopy machine operator and collator operator); *Harris v. Colvin*, 2014 U.S. Dist. LEXIS 124620 at *17-*18 (E.D.N.Y. 2014) (claimant limited to low-stress work with no more than occasional interaction with the public and coworkers can perform the position of photocopy machine operator); *Rodriguez-Sanchez v. Colvin*, 2014 U.S. Dist. LEXIS 113069 at *4-*6 (claimant limited to low-stress environment can perform mail clerk position); *Paulino v. Colvin*, 2014 U.S. Dist. LEXIS 65665 at *19 (S.D.N.Y. 2014)

---

2 Although plaintiff points out, correctly, that her daily activities were carried out in an isolated, socially "restricted setting" which required scant interaction with others, the ALJ tacitly recognized plaintiff's social limitations by finding that plaintiff has "serious restrictions in social interactions, due to social phobia and distraction," and determining an appropriately "restrictive" RFC. (Dkt. #8 at 25). Specifically, the ALJ determined that plaintiff cannot interact with the public or perform teamwork, and can interact only occasionally with coworkers and supervisors. (Dkt. #8 at 22).

(claimant restricted to occasional contact with coworkers and supervisors and no interaction with the public can work as a photocopy machine operator); *Gill v. Astrue*, 2011 U.S. Dist. LEXIS 105646 at *17-*18) (N.D.N.Y. 2011) (individual limited to simple, low-stress work can perform photocopy machine operator and collator operator positions).

In sum, the ALJ discussed the medical opinion evidence at length, set forth the reasoning for the weight afforded to each opinion, and cited and discussed specific evidence in the record that supported her determination. Upon a longitudinal review of the record, I do not find that the ALJ improperly substituted her "own expertise or view of the medical proof [in place of] any competent medical opinion," or that her findings were otherwise unsupported by substantial evidence. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

I have considered the rest of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the forgoing reasons, I find that the ALJ's decision was supported by substantial evidence, and was not based on legal error. The plaintiff's motion for judgment on the pleadings (Dkt. #11) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed in its entirety.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      May 17, 2018.

6